```
DISTRICT COURT OF THE VIRGIN ISLANDS
  DIVISION OF ST. THOMAS AND ST. JOHN

SACHIN KUMAR,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Civil No. 2015-53
                                 )
THOMAS GLEN COULTER,             )
                                 )
          Defendant,             )
                                 )
```

**ATTORNEYS:**

**Pamela Colon**
Law Offices of Pamela L. Colon
St. Croix, U.S.V.I.
    *For Sachin Kumar.*

## ORDER

**GÓMEZ, J.**

Before the Court is the complaint of Sachin Kumar and the motions of Sachin Kumar to continue the trial in this matter.

### I.    FACTUAL AND PROCEDURAL HISTORY

Sachin Kumar ("Kumar") is allegedly a citizen of New York.

Thomas Glen Coulter ("Coulter") is allegedly a citizen of the United States Virgin Islands.

On January 15, 2015, Kumar was a passenger on a motorcycle headed west on Highway Sosua in the Dominican Republic. Coulter was driving a White Jeep Mistubishi on Highway Sosua, headed

east. Coulter had allegedly consumed several alcoholic beverages.

Coulter lost control of his vehicle and hit the motorcycle head-on. Kumar suffered multiple injuries, including broken bones.

On July 7, 2015, Kumar filed a two-count complaint against Coulter. Count One asserts a negligence claim. Count Two asserts a recklessness claim. Coulter did not respond to the complaint or otherwise appear.

On July 27, 2015, Kumar filed an affidavit of service which indicated that the complaint was served on Coulter on July 21, 2015, by leaving process at Coulter's residence or usual place of abode with someone of suitable age and discretion who resided there.

Curiously, on September 1, 2015, Kumar filed a certified mail receipt, which he asserts is evidence that Coulter was served with the complaint by mail.[1]

On October 15, 2015, the Magistrate Judge scheduled a status conference for October 26, 2015. On October 26, 2015, after holding the status conference, the Magistrate issued an

---

[1] There are several issues with that filing. The Court is unaware of any authority that permits service in the Virgin Islands on a non-governmental entity by certified mail. The filing also does not provide any evidence regarding the contents of the mail sent to Coulter. Further, the mailing address is different than the address at which Coulter was previously served and no explanation for that discrepancy has been provided.

order stating that "[o]n or before November 30, 2015, plaintiff shall take action to move this matter forward or the case may be subject to dismissal for want of prosecution." ECF No. 7.

On October 27, 2015, Kumar sought leave to amend his complaint to correct his name. On October 29, 2015, he moved for an entry of default against Coulter.

The Court granted Kumar's motion to amend his complaint on November 4, 2015. Kumar filed his amended complaint the same day.

The Clerk then entered default against Coulter on November 23, 2015. No further action was taken in this matter for more than five months.

On April 26, 2016, Kumar filed a "notice of presumption of death." In that notice, he indicated that Coulter had passed away. Attached to that notice was an article from the Virgin Islands Daily News which reported that Coulter had passed away on March 9, 2016.[2]

Between June 21, 2016, and January 26, 2018, the Magistrate Judge held seven status conferences with Kumar's counsel.

---

[2] Federal Rule of Civil Procedure 25 permits the dismissal of a claim against a deceased defendant when that defendant's death is noted on the record. *See* Fed. R. Civ. P. 25(a). Significantly, most courts construe the rule to require that the notice of death is served on the deceased's successors. *Antoine v. Virgin Islands Port Auth.*, No. CIV. A. 2001/63, 2008 WL 2872176, at *2 (D.V.I. July 23, 2008)("Most courts—as well as the parties to this case—have construed this language to impose a general obligation on the noticing party to serve the notice of suggestion of death upon the deceased's successor."). Here, no successor has been served with the notice.

After the January 26, 2018, status conference, the Magistrate ordered Kumar to open an estate for Coulter by no later than February 28, 2018, and to file a motion to substitute within 15 days after that date. The Magistrate also scheduled the trial in this matter for July 16, 2018.

On May 29, 2018, the Magistrate held a ninth status conference.

On May 31, 2018, Kumar filed a motion to continue the trial in this matter (the "First Motion to Continue"). In his motion to continue, Kumar asserted that:

> Defendant died on March 9, 2016, while in the Dominican Republic. Plaintiff has experienced great difficulty and delay in attempting to have an appropriate party substituted as the defendant for Thomas Glen Coulter, Deceased, and the case cannot proceed until the substitution can be accomplished.
>
> On April 26, 2016, Plaintiff filed a Notice of Presumption of Death of the Defendant based upon an article published in the Virgin Islands Daily News on April 8, 2016. Plaintiff then attempted to verify his death and to obtain an official certified death certificate from the government of the Dominican Republic. That was not received until April 26, 2017, which also had to be translated into English by an official translator.
>
> Once the death certificate was received, Plaintiff attempted to determine if a Probate estate had been opened for the decedent and whether or not he died intestate. To date, Plaintiff has not been able to locate either a filed probate estate or a will. Plaintiff has located real property owned by the decedent, his residence on St. Thomas, U.S.V.I. While Plaintiff is aware that decedent

> was divorced and possibly had a son living in Florida, Plaintiff's efforts at locating and contacting any of the next of kin of the decedent were fruitless.
>
> Under Virgin Islands law, Title 15 V.I.C., Section 601, causes of action against someone who dies while the case is pending survive his or her death and can proceed after death against the defendant's personal representative. However, when no probate estate has been opened by heirs of the decedent, the court must appoint a personal representative. Plaintiff has filed a Petition for the appointment of such a personal representative for Thomas Glen Coulter, decedent, in the Superior Court of the Virgin Islands, St. Thomas/St. John Division.
>
> Plaintiff has also petitioned the Superior Court for the Administration of the Estate of Thomas Glen Coulter, Decedent, and for the appointment of Plaintiff as the Administrator of the Estate pursuant to Title 15 V.I.C., Section 232, 236(a)(2) and 601; and V.I.Super.Ct.R. 191. However, Plaintiff is not a resident of the Virgin Islands and therefore the Superior Court must appoint an appropriate, resident Administrator.

ECF No. 39, at 1-2. In the First Motion to Continue, Kumar also indicated that additional time is required for the Superior Court to resolve any objections that may be brought to the administration of the estate. *Id.* at 3. On that basis, he asked the Court to continue the trial in this matter until November, 2018.

On July 11, 2018, Kumar filed a motion to supplement the First Motion to Continue (collectively, with the First Motion to Continue, the "motions to continue"). In that motion, he

asserts: (1) that no administrator has been appointed for Coulter's estate; and (2) that Kumar was recently hospitalized and that, although he has been discharged, he is not permitted to leave his home at least through August, 2018.

## II. ANALYSIS

Having reviewed the record in this matter, it does not appear that this action has been prosecuted with the appropriate level of diligence. For example, Kumar has submitted evidence showing that the complaint was served on Coulter on July 21, 2015, by leaving process at Coulter's dwelling or usual place of abode. Coulter did not file an answer. Yet, Kumar did not seek an entry of default against Coulter until October 29, 2015-- after the Magistrate ordered Kumar to move this action forward or face the prospect of dismissal. Moreover, although the Clerk entered default against Coulter on November 23, 2015, Kumar failed to move for a default judgment against Coulter before Coulter passed away on March 9, 2016.

When a plaintiff fails to prosecute a matter in this Court, the Court may *sua sponte* dismiss the action. *See Reshard v. Lankenau Hosp.*, 256 F. App'x 506, 507 (3d Cir. 2007).

> When considering whether to dismiss a case for failure to prosecute, courts generally should consider the factors set forth in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984):

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Id.* at 507-08 (emphasis in original).

In this case, it does not appear that responsibility for the delay is appropriately attributed to the plaintiff himself. There is also no evidence of willfulness, bad faith, or prejudice. Furthermore, despite significant delays, related proceedings in the probate division of the Superior Court appear to be underway. Under these circumstances, the Court will not dismiss the action *at this time*, despite the lengthy history of dilatoriness. The Court does, however, note its concern with counsel's lack of urgency to prosecute this matter absent urging from the Court. Counsel is instructed to proceed in this three-year-old case with more urgency in the future.

Because the Court will not dismiss this action at this time, the Court must determine the proper manner in which to proceed. Having reviewed the record and considered the matter, the Court finds that it is appropriate to grant Kumar's motions

to continue the trial date in part and reschedule the trial in this matter for August 6, 2018.

The premises considered; it is hereby

**ORDERED** that the motions to continue are **GRANTED in part**; and it is further

**ORDERED** that the trial in this matter currently scheduled for July 16, 2018, is hereby **RESCHEDULED** to commence promptly at 9:00 A.M. on August 6, 2018.

                                        S\_____
                                             **Curtis V. Gómez**
                                             **District Judge**